ALFORD BOLTON V. STATE

No. 27,630. June 1, 1955

D. R. Taylor, Jr., Center, for appellant.

Richard E. McDaniel, County Attorney, Center, and Leon Douglas, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful sale of wine in a dry area, with punishment assessed at a fine of $400.00.

Art. 666-4, Sec. (b), Vernon's P.C., makes it unlawful not only to sell liquor but also to sell wine, in any dry area.

Wine is a liquor containing alcohol in excess of four per centum by weight, and proof that an alcoholic beverage is wine is prima facie evidence that it is liquor. Byars v. State, 154 Texas Cr. R. 515, 229 S.W. 2d 169.

Under the constitutional amendment of Art. XVI, Sec. 20, in 1935, the legislature was authorized to prohibit the sale of wine, by name, in a dry area where the sale of intoxicating liquors had been prohibited by local option elections held under the laws of this state and in force at the time of the taking effect of Sec. 20 of Art. XVI of the Constitution of this state.

The information in this case alleged that appellant sold wine to Rogers William in Shelby County, a dry area.

Rogers William did not testify upon the trial of the case.

There is no direct testimony that appellant sold wine to William.

The state relied upon facts showing that Hughes, a deputy sheriff, gave to Williams two one dollar bills, the serial numbers

584

of which Hughes made a record, with instructions to buy a bottle of wine from appellant.

Subsequently thereto, the two one dollar bills were found upon the person of appellant, the bills bearing the same serial numbers as those which the deputy sheriff had given to Williams.

Outside of some irrelevant hearsay statements, as well as proof of the sale of wine by appellant to others, the foregoing is the state's case.

Appellant denied that he made the sale to Williams, and explained that the two one dollar bills were in his posession because they had been given to him by another person who had made the sale of the bottle of wine to Williams.

The record reflects no reason why William, the alleged purchaser, was not called as a witness by the state. It appears that he was available as a witness.

There being no evidence that appellant sold the wine to William, the facts are insufficient to support the conviction.

The judgment is reversed and the cause is remanded.